**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ZALATIMO SWEETS COMPANY, LLC,** ) ) ) Plaintiff, ) ) v. ) ) **AHMED ZALATIMO COMPANY AND PARTNERS, ZALATIMO BROTHERS FOR SWEETS** and **WAEL ZALATIMO,** ) ) ) ) ) ) Defendants. ) | 2:22cv1110 **Electronic Filing** |

## MEMORANDUM ORDER

This civil action was commenced on July 29, 2022, when Plaintiff Zalatimo Sweets Company, LLC, filed its Complaint. ECF No. 1. The case was referred to United States Magistrate Judge Lisa Pupo Lenihan for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. §636(b)(1), and Local Rules of Court 72.C and 72.D. On January 3, 2024, the case was referred to Magistrate Judge Kezia O.L. Taylor following Judge Lenihan's retirement.

The Magistrate Judge's Report and Recommendation (ECF No. 76), filed on August 1, 2025, recommended that the Motion to Dismiss for Lack of Subject Matter Jurisdiction filed by Defendants Ahmed Zalatimo Company and Partners, Zalatimo Brothers for Sweets, and Wael Zalatimo (ECF No. 69) be granted. The parties were informed in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.D.2 that they had fourteen (14) days to file any objections. Objections were due on August 15, 2025. On that date plaintiff filed its Objections (ECF No. 77) and on August 29, 2025, defendants filed their Response to Plaintiff's Objections (ECF No. 79).

Plaintiff's objections are unavailing.  First, plaintiff's contention that Magistrate Judge Taylor erred in concluding that plaintiff has no legal existence is disingenuous.  Plaintiff not only admits that it is not a Jordanian limited liability company, but it has also failed to produce any documentation that establishes that "Zalatimo Sweets Company, LLC" is a real legal entity despite an order to supplement.  See ECF No. 77 at 2; ECF No. 65.  "Absent a plaintiff with legal existence, there can be no Article III case or controversy."  House v. Mitra QSR KNE LLC, 796 F. App'x 783, 787 (4th Cir. 2019).  A plaintiff needs to exist in order to suffer a "distinct and palpable injury" to establish Article III standing.  See Hunt v. Washington State Apple Advert. Comm'n, 432 U.S. 333, 342 (1977).  Further, a plaintiff must prove it has standing to establish subject matter jurisdiction.  See generally Finkelman v. Nat'l Football League, 810 F.3d 187, 195 (3d Cir. 2016).  Without an entity-plaintiff establishing its legal existence, the non-existent plaintiff cannot prove an injury sufficient to confer Article III standing or the existence of subject matter jurisdiction over the matter at hand.  See House, 796 F. App'x at 787.  That is, "if there is no Article III standing, the court is obliged to dismiss the suit even if the standing issue has not been raised."  Rawoof v. Texor Petroleum Co., 521 F.3d 750, 756 (7th Cir. 2008).  Thus, the court must dismiss this action because plaintiff does not exist and therefore cannot have standing.

Next, plaintiff's argument that Magistrate Judge Taylor erred in analyzing the merits of plaintiff's request to amend the case caption falls short for essentially the same reasons.  As explained, a plaintiff bears the burden of establishing standing to confer subject matter jurisdiction on the court.  See Lujan v. Defs. of Wildlife, 504 U.S. 555, 561 (1992).  Because plaintiff cannot show it is a legally existing entity, it cannot have suffered a particularized harm

2

sufficient to carry the burden of proving standing.  Id.  Thus, this court cannot have and has not ever had subject matter jurisdiction over the instant matter.

Further, plaintiff cannot cure this fundamental defect by amending the case caption. "Rule 17 'only contemplates the capacity to sue,' not 'the prerequisite of legal existence.'"  House, 796 F. App'x at 786.  Therefore, the federal rules of civil procedure do not apply and amending the case caption is moot.

Finally, plaintiff's assertion that the magistrate judge erred in finding that plaintiff has not acted in good faith rather than denying relief on a showing of bad faith is a distinction without a difference.  Again, this objection is moot without a proper showing of standing.

Further, even if plaintiff could establish standing, amending the complaint now would be prejudicial to defendant.  This case was filed more than three years ago and discovery is complete in this case.  Substituting a new plaintiff now would essentially set the case back significantly and require defendant to redo the lion's share of pretrial preparation and development.  This would of course unduly prejudice defendant.  See Rawoof v. Texor Petroleum Co., No. 02 C 5892, 2004 WL 3021391, at *4 (N.D. Ill. Dec. 29, 2004) ("The last days of discovery are too late to attempt to substitute a plaintiff: such a substitution will almost always prejudice a defendant.").

Defendants also point out that plaintiff has not specifically objected to Judge Taylor's finding of undue prejudice in amending the case caption.  As a result, they contend Judge Taylor's finding of prejudice must be reviewed under a "plain error" standard.  See Bertolette v. Little, No. CV 23-330, 2023 WL 8865873, at *1 (W.D. Pa. Dec. 22, 2023).  Plain error review requires the court to find "an actual error—a deviation from or violation of a legal rule." Id.  But even under a harmless error review, Judge Taylor did not err in concluding that it would

prejudice defendant to amend the case caption following the close of discovery, particularly as this suit is based on a trademark dispute involving the parties' names. See ECF No. 76 n.3. Such an undertaking carries with it the potential to benefit a third-party entity with the retroactive assertions of claims it has yet to file or join in and which it might not have the legal right to enforce – all with the prejudice of having defendants answer, challenge and defend against such claims after spending years attempting to do so in the case as "Zalatimo Sweets Company, LLC," chose to bring it. The prejudice is apparent.

Accordingly, after *de novo* review of the record the following Order is entered:

**AND NOW**, this 25th day of September 2025,

**IT IS ORDERED** that plaintiff's objections to the Report and Recommendation are overruled; and

**IT FURTHER IS ORDERED** that the Motion to Dismiss for Lack of Subject Matter Jurisdiction filed by Defendants Ahmed Zalatimo Company and Partners, Zalatimo Brothers for Sweets, and Wael Zalatimo (ECF No. 69) be, and the same hereby is, granted. Final judgment pursuant to Rule 58 in the form of a dismissal without prejudice will follow.

The Report and Recommendation (ECF No. 76) of Magistrate Judge Taylor, dated August 1, 2025, as augmented by this Memorandum Order is adopted as the Opinion of the Court.

s/David Stewart Cercone<br>David Stewart Cercone<br>Senior United States District Judge

cc:   James P. McGraw, III, Esquire
      Jeffrey Catalano, Esquire
      Matthew C. Pilsner, Esquire
      Sara Gottlieb, Esquire

      (*Via CM/ECF Electronic Mail*)